# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| COUNTRYSIDE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:18-cv-132 |
| | ) |
| BUSHRA NASEER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion to Remand and For Costs and Expenses Caused by Improper Removal, filed by Plaintiff, Countryside Bank, on April 6, 2018 (DE #3). For the reasons set forth below, the motion to remand (DE #3) is **GRANTED** and this case is **REMANDED** back to the Lake County Superior Court, Indiana. Additionally, Plaintiff is **AWARDED** its just costs and actual expenses, including attorneys' fees, as a result of the removal. Countryside Bank may submit a request for reimbursement for the costs as a result of the removal on or before June 12, 2018. Sheikh may file a response on or before June 26, 2018.

BACKGROUND

Plaintiff, Countryside Bank, filed this mortgage foreclosure action on December 27, 2017, in the Lake County Superior Court. (DE #2.) The loan was guaranteed by the U.S. Small Business

Administration ("SBA"). Defendant, Zafar Sheikh, is neither a borrower nor a guarantor of the defaulted loan. The complaint asserts a state law claim against Sheikh for improperly transferring the bank's collateral. (Compl. ¶¶ 27-29, 63-67.)

Sheikh filed a notice of removal on April 4, 2018 (DE #1), asserting federal question jurisdiction due to Countryside Bank's alleged failure to adhere to standard operating procedures for SBA-guaranteed loans. He asserts that Countryside Bank violated Federal Regulations, 13 CFR 101-147 "in approving, disbursing, servicing and dealing with the troubled loans [which] gives rise to federal questions." (DE #1 at 4.)

Countryside Bank now moves to remand, arguing the complaint does not plead any federal claims, the Federal Regulations do not create a private right of action, and the case was never removable. Further, it requests an award of costs and expenses pursuant to 28 U.S.C. § 1447. To date, no response has been filed.

DISCUSSION

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). *See also* 28 U.S.C. § 1441; 28 U.S.C. § 1446. The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her

2

forum.  Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)(citations omitted). The party seeking removal must demonstrate that removal is proper. *Boyd*, 366 at 529.  When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006).

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district court has original jurisdiction over claims arising under federal law. 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Citadel Sec., LLC v. Chi. Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015)(citations omitted).

"In considering a motion for remand, the court must examine the plaintiffs' complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Scouten v. MNL-FTS, LLC*, 708 F.Supp.2d 729, 731 (N.D. Ill. 2010)(quotations and citation omitted).

3

Plaintiffs' Motion to Remand

Federal question jurisdiction arises where the well-pleaded complaint contains a federal cause of action or, alternatively, "requires resolution of a substantial question of federal law in dispute between the parties." *Baker v. Johnson & Johnson*, 709 F.Supp.2d 677, 682 (S.D. Ill. 2010)(quoting *Franchise Ta Bd. Of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)).

Here, the complaint alleges only state law claims arising from breaches of loan contracts and improper disposition of collateral that secured the loan. None of the claims in the complaint implicate the SBA's guaranty or federal regulations. Sheikh has recently moved for leave to file a counterclaim (DE ##6, 9) for violations of the SBA, Truth in Lending Act, and RICO, but the Court looks at the complaint at the time it was filed in determining whether it has subject matter jurisdiction. *Coffman v. Dutch Farms, Inc.*, 2:16-CV-157, 2017 WL 1217238, at *2 (N.D. Ind. Feb. 24, 2017). "The Court must look to the original complaint as it existed at the time of removal." *Brokaw v. Boeing Co.*, 137 F.Supp.3d 1082, 1107 (N.D. Ill. 2015); *see also Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997) ("[W]hether subject matter jurisdiction exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed.").

Moreover, courts that have considered the question have unanimously agreed that the Small Business Act does not create a private right of action for individuals. *See, e.g., Crandal v. Ball, Ball & Brosamer*, 99 F.3d 907, 909 (9th Cir. 1996) (collecting cases); *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1250 (7th Cir. 1997). Where there is no private cause of action, an alleged violation of federal regulations does not create federal question jurisdiction. *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 281-82 (7th Cir. 2009).

Finally, Sheikh has not relied upon diversity jurisdiction. He has not offered any evidence to disprove allegations that Countryside Bank, and several defendants, are citizens of the State of Illinois. (DE #2 ¶¶ 1-2, 8, 9.) *See McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (for a case to be within a federal court's diversity jurisdiction, diversity must be "complete," meaning no plaintiff may be a citizen of the same state as any defendant.). For all of these reasons, remand is appropriate.

<u>Request for Attorneys' Fees</u>

Finally, Countryside Bank has asked the Court to award it attorneys' fees and costs under 28 U.S.C. § 1447(c), as a result of Sheikh's improper removal. As the Supreme Court has stated, "[t]he process of removing a case to federal court and then having it

5

remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Under Seventh Circuit law, "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then the district court should award a plaintiff his attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

In this case, when Sheikh filed his notice of removal asserting that unpleaded violations of SBA regulations was the sole basis for federal jurisdiction, it had been settled for a long time that "the Small Business Act does not create a private right of action in individuals." *Mountain State Mech. Insulation, Inc. v. Bell Constructors, LLC*, No. 1:11 CV 180, 2012 WL 2995213, at *2 (N.D.W. Va. July 23, 2012) (citations omitted). Because the clearly established law shows there is no basis for removal, the Court awards Countryside Bank just costs and actual expenses, including attorneys' fees, as a result of the removal. Countryside Bank may submit a request for reimbursement for the costs of the removal on or before June 12, 2018. Sheikh may file a response on or before June 26, 2018.

6

CONCLUSION

For the reasons set forth below, the motion to remand (DE #3) is **GRANTED** and this case is **REMANDED** back to the Lake County Superior Court, Indiana. Additionally, Plaintiff is **AWARDED** its just costs and actual expenses, including attorneys' fees, as a result of the removal. Countryside Bank may submit a request for reimbursement for the costs as a result of the removal on or before June 12, 2018. Sheikh may file a response on or before June 26, 2018.

**DATED: May 15, 2018**         /s/ RUDY LOZANO, Judge
                                **United States District Court**