# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| COUNTRYSIDE BANK, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) CAUSE NO.: 2:18-cv-132 |
| BUSHRA NASEER, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the: (1) Verified Motion for Reimbursement of Costs and Expenses, filed by Plaintiff, Countryside Bank, on May 25, 2018 [ECF No. 16]; (2) Motion to Reconsider, filed by pro se Defendant, Zafar Sheikh, on June 8, 2018 [ECF No. 17]; (3) Plaintiff's Motion for Sanctions Under Rule 11, filed on June 21, 2018 [ECF No. 19]; (4) Supplemental Verified Motion for Attorney Fees and Expenses, filed by the Plaintiff on July 30, 2018 [ECF No. 20]; and (5) Motion to Disqualify Nancy Townsend From Representing Countryside Bank for Conflicts of Interests, filed by the Defendant on August 8, 2018 [ECF No. 21].

## BACKGROUND

On May 15, 2018, the Honorable Rudy Lozano entered an Opinion and Order remanding this matter back to the Lake County Superior Court. (Opinion and Order, ECF No. 15.) Additionally, he found that the pro se Defendant, Zafar Shiekh, lacked any objectively reasonable basis for removal, and awarded just costs and actual expenses pursuant to 28 U.S.C. § 1447(c). (*Id.* at 6–7.)

The Plaintiff submitted its Verified Motion for Reimbursement of Costs and Expenses [ECF No. 16] on May 25, 2018, representing that its attorney, Nancy J. Townsend, spent at least 15.15 hours of time reviewing the removal documents, researching, and preparing the motion seeking remand. The Plaintiff requested $3,787.50 in attorneys fees. (*Id.* at 1-2.) The Defendant did not file any objection to the motion for reimbursement.

However, after the Plaintiff filed its motion for reimbursement of costs, the Defendant filed a Motion to Reconsider the Court's order remanding the case. [ECF No. 17.] The Defendant raises new arguments in this motion, including that jurisdiction was agreed to between the parties prior to loan closing, the Plaintiff deliberately named certain defendants to defeat diversity jurisdiction, and that the Defendant did not remove the case to delay the proceedings.

On June 21, 2018, the Plaintiff filed a response to the motion to reconsider remand. [ECF No. 18.] The Plaintiff argues that because the case has been remanded, the Court lacks jurisdiction to reconsider the remand order. Additionally, the Plaintiff requests additional attorneys fees and expenses (for a total of $5,280.00) for having to respond to the frivolous motion to reconsider. [ECF No. 20.]

The Plaintiff also filed a motion for sanctions under Rule 11 on June 21, 2018. [ECF No. 19.] The Plaintiff requests the imposition of sanctions of $2,500 for the filing of the Defendant's frivolous motion to reconsider. The Defendant did not file any response to the motion for sanctions.

Finally, the Defendant filed a motion to disqualify attorney Nancy Townsend from representing the Plaintiff, alleging there is a conflict of interest. [ECF 21.] The Plaintiff filed a

The Plaintiff submitted its Verified Motion for Reimbursement of Costs and Expenses [ECF No. 16] on May 25, 2018, representing that its attorney, Nancy J. Townsend, spent at least 15.15 hours of time reviewing the removal documents, researching, and preparing the motion seeking remand. The Plaintiff requested $3,787.50 in attorneys fees. (*Id.* at 1-2.) The Defendant did not file any objection to the motion for reimbursement.

However, after the Plaintiff filed its motion for reimbursement of costs, the Defendant filed a Motion to Reconsider the Court's order remanding the case. [ECF No. 17.] The Defendant raises new arguments in this motion, including that jurisdiction was agreed to between the parties prior to loan closing, the Plaintiff deliberately named certain defendants to defeat diversity jurisdiction, and that the Defendant did not remove the case to delay the proceedings.

On June 21, 2018, the Plaintiff filed a response to the motion to reconsider remand. [ECF No. 18.] The Plaintiff argues that because the case has been remanded, the Court lacks jurisdiction to reconsider the remand order. Additionally, the Plaintiff requests additional attorneys fees and expenses (for a total of $5,280.00) for having to respond to the frivolous motion to reconsider. [ECF No. 20.]

The Plaintiff also filed a motion for sanctions under Rule 11 on June 21, 2018. [ECF No. 19.] The Plaintiff requests the imposition of sanctions of $2,500 for the filing of the Defendant's frivolous motion to reconsider. The Defendant did not file any response to the motion for sanctions.

Finally, the Defendant filed a motion to disqualify attorney Nancy Townsend from representing the Plaintiff, alleging there is a conflict of interest. [ECF 21.] The Plaintiff filed a

verified response, arguing that the Court lacks jurisdiction to reconsider the motion to disqualify, and that because it is patently frivolous, an award of additional attorney's fees should be imposed. [ECF 22.]

## ANALYSIS

**A.      Motion to Reconsider**

The Defendant asks this Court to reconsider the Order remanding the case to the Lake County Superior Court, Indiana. However, "it is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind." *City of Valparaiso, Ind. v. Iron Workers Local Union No. 395*, 118 F.R.D. 466, 468 (N.D. Ind. 1987) (see cases cited therein). The relevant statute, 28 U.S.C. § 1447(d), clearly provides that except in cases removed under section 1443 (civil rights actions), remand orders are not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d). Removal is to be strictly construed and "is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity." *City of Valparaiso*, 118 F.R.D. at 468. Because this Court has no jurisdiction to reconsider its remand order, the Defendant's motion is denied. *See Pickard v. Central States Se. and Sw. Areas Health & Welfare Fund,* No. 02-C-0282-C, *2003 WL 23104276*, at *1-2 (W.D. Wis. Feb. 12, 2003) (denying motion to reconsider court's remand order because the court no longer had jurisdiction).

**B.      Motion for Reimbursement of Costs and Fees**

3

It has been held that district courts retain jurisdiction to award fees after a remand to state court. *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000). Generally, an award for costs in removal cases is justified when "the removing party lacked an objectively reasonable basis for seeking removal." *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)). Here, the Court found that the Defendant lacked an objectively reasonable basis for removal because the complaint did not plead any federal claims and the Federal Regulations do not create a private right of action. Moreover, section 1447(c) does not require a showing of bad faith to receive attorney fees. *Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999).

The Plaintiff submitted a verified motion detailing the hours spent reviewing the removal documents, determining the appropriate standards, and preparing the motion and brief seeking remand (15.15 hours), at its hourly rate of $250. [ECF No. 16.] This Court has thoroughly reviewed the request and approves the award of $3,787.50 in attorney fees.

The Plaintiff has also asked the Court to award it the additional costs and fees incurred in responding to the Defendant's motion for reconsideration ($1,492.50). [ECF No.18 at 3; ECF No. 20.] Section 1447 grants the Court discretion to award fees "to seek a fair allocation of *all* the costs of defending against an improper removal." *Tenner*, 168 F.3d at 329 (emphasis added). The Defendant's motion for reconsideration of the remand order was frivolous, as this Court clearly lacks jurisdiction to consider it. Moreover, the Defendant does not make any meritorious arguments for reconsidering the decision to award fees. Therefore, the Court awards the Plaintiff the additional attorney fees as set forth in the Supplemental Verified Motion [ECF No. 20] for a total of $5,280.00 in legal fees and expenses resulting from the Defendant's improper removal

4

and motion to reconsider.

## C.     Motion for Sanctions Under Rule 11

Although this Court lacks the jurisdiction to reconsider its remand order, "it has both the power and the duty to enforce Fed. R. Civ. P. 11." *City of Valparaiso*, 118 F.R.D. at 469 (citing *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1078-79 (7th Cir. 1987)). Rule 11 provides that if an attorney or party files signed documents that are not reasonably based on the law, then "the court upon motion or upon its own initiative *shall* impose . . . an appropriate sanction." Fed. R. Civ. P. 11 (emphasis added). Here, the Defendant did violate Rule 11 because his motion to reconsider the remand has no basis in law.

Generally, an award of sanctions under Rule 11 "should be the least severe that is adequate to serve the purposes of deterrence." *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1030 (7th Cir. 1999). On the one hand, the Defendant filed his motion to reconsider even after this Court already awarded costs and expenses to the Plaintiff for his frivolous filing of the unfounded petition for removal. On the other hand, the Defendant is pro se, he is already being required to pay quite a lot of money for the reimbursement of costs and fees for the frivolous removal and motion for reconsideration, and he contends that he was not trying to delay the case or be vexatious. On balance, this Court decides not to impose additional sanctions under Rule 11 as the Defendant is already paying for the attorney costs and expenses resulting from the improper removal and motion to reconsider. Hopefully this will deter him from future baseless filings.

### D. Motion to Disqualify

Because this case has been remanded, this Court lacks jurisdiction to consider the current motion to disqualify the Plaintiff's counsel. *City of Valparaiso, Ind.*, 118 F.R.D. at 468. Additionally, this Court declines to impose additional sanctions as the Defendant is already paying considerable attorney costs and fees resulting from the improper removal. The Defendant is warned that no more frivolous motions should be filed in this Court. This case has been remanded back to state court.

## CONCLUSION

For the reasons set forth above, the Motion for Reimbursement of Costs and Expenses [ECF No. 16] and Supplemental Verified Motion for Attorney Fees and Expenses [ECF No. 20] are GRANTED and the Defendant, Zafar Sheikh, is ORDERED to pay the Plaintiff a total of $5,280.00 in fees and expenses within 14 days of this Order. The Motion to Reconsider [ECF No. 17] is DENIED. The Motion for Sanctions [ECF No. 19] is DENIED. The Motion to Disqualify [ECF No. 21] is DENIED. The Defendant is warned that no more frivolous motions should be filed in this Court.

SO ORDERED on September 7, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT